IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-2503-PAB-KLM

CRYSTAL STINE,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.;
EQUIFAX INFORMATION SERVICES, LLC;
TRANS UNION, LLC; and,
NATIONAL CREDIT SYSTEMS, INC.;

Defendants.

_____

**[PROPOSED] SCHEDULING ORDER**
_____

### 1. DATE AND APPEARANCES

This matter is set for a final pretrial conference on March 20, 2018 at 10:00AM MST in Courtroom A401 before Magistrate Judge Kristen L. Mix. The parties will be represented by:

**Plaintiff Crystal Stine:** Eric R. Coakley, CoakleyKrol, LLC, 2373 Central Park Blvd. Suite 100, Denver, CO 80238 (303)803-1611.

**Defendant National Credit Systems, Inc.:** Katrina M. DeMarte, Magdich Law, 17177 Laurel Park Drive, Suite 401, Livonia, Michigan, 48152; (248)344-0013.

### 2. JURISDICTION

This Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1681(p) because the claims arise from Plaintiff's allegations under the Federal Fair Credit Reporting

Act, 15 U.S.C. § 1681 *et. seq.* ("FCRA") and the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA"). The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

### 3.  CLAIMS AND DEFENSES

a.  Plaintiff:

This matter involves unlawful collection activities and false credit reporting arising out of a residential lease agreement. From April 30, 2014 through September of 2015, Ms. Stine was a tenant in Tamarac Village Apartments. Ms. Stine terminated her lease effective on or about September 14, 2015. Tamarac Village Apartments retained Ms. Stine's security deposit in satisfaction of monies owed but never provided Ms. Stein with the notice or accounting required by Colorado law. In or about December of 2015, Tamarac Village Apartment demanded further payment from Ms. Stine in the amount of $4,787.64.  Ms. Stine disputed the additional charges because they were not permitted by the lease or had been fully satisfied by her security deposit.

12. In January of 2016, Ms. Stine received a dunning letter from National Credit Systems demanding payment of the unauthorized charges.  Ms. Stine disputed those charges.

National Credit Systems continued to send Ms. Stine dunning letters misrepresenting that she owed a debt to Tamarac Village Apartments. National Credit Services falsely reported to Defendants Experian, Equifax and TransUnion that Ms. Stine owed a debt in the amount of about $4,787.64.

On May 7, 2017 Ms. Stine sent letters to Defendants Experian, Equifax, and TransUnion disputing the false reporting on her credit reports.  National Credit Services failed to conduct an

adequate investigation and remove the false reporting. Ms. Stine's credit report continues to reflect the false reporting. Moreover, it was revealed during discovery that Tamarac Village Apartments no longer exists, and National Credit Systems had no authority to collect the debt.

Based on those allegations, Ms. Stine brings claims for relief against the debt collector Defendant National Credit Services under the Federal and Colorado Fair Debt Collection Practices Act and the Federal Fair Credit Reporting Act for relief against all Defendants.

        b.      Defendants:

**National Credit Systems:** Defendant National Credit Systems ("NCS") denies that it violated the law or that it is liable to the Plaintiff for any amount. The amounts that NCS sought to collect from the Plaintiff were due and owing, pursuant to NCS' client, the original creditor, Tamarac Village Apartments. NCS in no way attempted to collect monies which were not due and owing. Further, NCS maintains that it reported upon the Plaintiff's debt accurately and in accordance with the Fair Credit Reporting Act. Moreover, NCS states that it conducted adequate investigations when it was notified of disputes by the Plaintiff, and that it reported its results in accordance with the Fair Credit Reporting Act based upon information provided to it. NCS is entitled to rely upon the representation of the original creditor, Tamarac Village Apartments. In each instance where NCS was notified of a dispute relative to Plaintiff's account, the original creditor verified the balance as due and owing. NCS denies that it engaged in any abusive, deceptive, or unfair practices with relation to the Plaintiff, and further states that it has not made false representations in its collections activities. Furthermore, Plaintiff's claims that she suffered damages as a result of any credit reporting by NCS starting in 2015, for balances which the Tamarac Village verified were due and owing, are utterly false considering that the more likely

cause of Plaintiff's poor credit and/or denial of credit is her 2013 Chapter 7 Bankruptcy. Accordingly, because NCS' collection activities and credit reporting did not run afoul of the law, it is not liable to the Plaintiff for any amount.

## 4. STIPULATIONS

1. Plaintiff Crystal Stine is a Colorado resident with an address of 2894 Ivy Street, Denver, CO, 80239.

2. Defendant National Credit Systems, Inc. (NCS) is a debt collector as that term is defined by the Federal Fair Debt Collection Practices Act, with its principal offices at 3750 Naturally Fresh Blvd., Atlanta, GA 30349. NCS's registered agent in Colorado is Stokes & Wolf, P.C., 1776 Jackson Street, Suite 900, Denver, CO 80210.

3. This Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1681(p) because Plaintiff's allegations arise under the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* ("FCRA") and the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA").

. 4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

5. From April 30, 2014 through September of 2015, Ms. Stine was a tenant in Tamarac Village Apartments.

6. Ms. Stine terminated her lease (the "broken lease") effective on or about September 14, 2015.

7. Tamarac Village Apartments retained Ms. Stine's security deposit in partial satisfaction of monies owed under the broken lease.

8. Tamarac Village Apartment has demanded payment from Ms. Stine in the amount of $4,787.64 for amounts it claims are due under the broken lease. Ms. Stine disputed the amount Tamarac Village asserted was owed.

9. In January of 2016, Ms. Stine received a dunning letter from NCS on behalf of Tamarac Village, demanding payment in the amount of $4,787.64 for amounts due under the broken lease.

10. NCS reported to Defendants Experian, Equifax and TransUnion that Ms. Stine owed a debt to Tamarack Village in the amount of about $4,787.64.

11. In May of 2017 Ms. Stine sent letters to Defendants Experian, Equifax, and TransUnion disputing the debt to Tamarack Village in the amount of about $4,787.64 which was being reported by NCS.

### 5. PENDING MOTIONS

There are no pending motions currently. Defendant recommends re-setting the dispositive motion deadline, affording the parties to resolve this matter short of involving a jury and the use of this Honorable Court's valuable time. It appears that there is no material issue of fact and that this matter is simply an application of fact to law, which this Honorable Court could decide should the parties file a dispositive motion.

Plaintiff objects to extending the time for dispositive motions. There are issues of material fact that would preclude summary judgment and no excuseable neglect has been demonstrated to

move the deadline.

## 6. WITNESSES

a.  List the nonexpert witnesses to be called by each party. List separately:

  (1)  witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

**Plaintiff:**

Crystal Stine, Plaintiff

Jay Fertman, 5645 S. Shawnee Street, Aurora, Colorado (720)820-6812.

Ron Sapp, National Credit Systems, Address Unknown, Telephone Number Unknown.

Custodian of Records, Colorado Secretary of State.

**Defendant:**

1) Crystal Stine, Plaintiff

2) Ron Sapp, National Credit Systems

3) The keeper of the records for Tamarack Village Apartments.

b.  List the expert witnesses to be called by each party.

None.

## 7. EXHIBITS

  (1)  Plaintiff(s):

1.  Residential Renewal Agreement

2.  Deposit Disposition

3.  Equifax Credit Report

4. TransUnion Credit Report

5. Experian Credit Report

6. Correspondence to Equifax, TransUnion and Experian Dated May 7, 2017

7. CFPB Correspondence, May 11, 2017

8. Attorney General Correspondence, May 24, 2017

9. NCS Correspondence, December 30, 2015

10. NCS Correspondence, January 12, 2016

11. NCS Correspondence, January 26, 2016

12. NCS Correspondence February 10, 2016

13. NCS Correspondence March 5, 2016

14. NCS Correspondence February 3, 2016

15. NCS Correspondence May 6, 2017

16. eMail Jay Fertman March 6, 2016

17 Notice of Action Taken March 6, 2016

18. NCS Account Demographics and Notes, January 25, 2018

(2) Defendant(s):

a) Documents provided to NCS from Tamarack Village Apartments, including, but not limited to, balance ledgers, leases, and account notes;

b) Correspondence between the Plaintiff and any other person or entity regarding Plaintiff's account with NCS;

c) Correspondence between NCS and any other person or entity regarding the Plaintiff's account

with NCS;

d) Documentation related to Plaintiff's account;

e) Documentation related to the "broken lease";

f) Any exhibit introduced by any other party at any point in time;

g) Any and all exhibits necessary to lay a proper foundation or for rebuttal, authentication, or impeachment purposes; and lastly,

h) Documentation related to Plaintiff's claim for actual damages, including, but not limited to documentation regarding Plaintiff's creditworthiness, such as her credit reports and Chapter 7 Bankruptcy documents.

3) Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial.  The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8.  DISCOVERY

Discovery has been completed.

## 9.  SPECIAL ISSUES

None.

## 10.  SETTLEMENT

a. Counsel for the parties met *by telephone* on numerous dates to discuss in good faith the settlement of the case.

b. The participants in the numerous informal settlement conferences, included counsel for

      both parties.

c.     The parties have been promptly informed of all offers of settlement.

d.     Counsel for the parties and any *pro se* party do intend to hold future informal settlement conferences.

e.     It appears from the discussion by all counsel and any *pro se* party that there is little possibility of settlement.

f.     Counsel for the parties and any *pro se* party considered ADR in accordance with D.C.-COLO.LCivR.16.6. <u>The parties have not participated in a formal settlement conference. The parties have discussed, and would like to, proceed towards mediation prior to trial.</u>

## 11. OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

The parties request a one day jury trial.

DATED this _____day of _____, 20_____.

BY THE COURT

_____
United States Magistrate Judge

\**COAKLEYKROL, LLC**

\*s/Eric R. Coakley*
\_____
\Eric R. Coakley, CO Bar No. 34238
\2373 Central Park Blvd. - Suite 100
\Denver, CO 80238
\(303)803-1611
\coakley@coakleykrol.com

Attorney for Plaintiff Crystal Stine

**MAGDICH LAW**

*/s/ Katrina M. DeMarte, Esq.*

Katrina M. DeMarte, Esq. (MI Bar No. P 81476;
CO Bar No. 43135)
17177 Laurel Park Dr Ste 401
Livonia, MI 48152
248-344-0013
kdemarte@magdichlaw.com

*Counsel for National Credit Systems*